In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00243-CV
_____


IN RE GERALD B. WILSON


Original Proceeding
435th District Court of Montgomery County, Texas
Trial Cause No. 07-02-02127-CV


MEMORANDUM OPINION

In this original proceeding, we consider whether the trial court abused its discretion by changing the agency in charge of supervising an individual's sex offender treatment from the Office of Violent Sex Offender Management (OVSOM) to the Texas Civil Commitment Office (TCCO), and by ordering the individual to participate in sex offender treatment through a program with a particular structure that the amended sexually violent predator statute (SVP statute) describes as a tiered program. *See* Tex. Health & Safety Code Ann. § 841.0831 (West Supp. 2015). In four issues, Gerald B. Wilson argues:

(1) The trial court abused its discretion by failing to appoint counsel to represent Wilson at the hearing that resulted in changing the agency the trial court had previously ordered to be in charge of his treatment.

(2) The trial court applied amendments to the sexually violent predator statute retroactively in violation of Wilson's constitutional rights.

(3) The trial court's amended commitment order is void because Wilson was not present when the trial court imposed the conditions on him that are in the amended order.

(4) The amended commitment order contains restrictions that are more onerous than the restrictions found in the original commitment order, changes that Wilson argues violated his statutory and constitutional rights to due process.

We note that the trial court civilly committed Wilson following a trial that occurred in 2007, that the judgment and order of commitment concluding that phase of Wilson's case imposed restrictions on him, and that the original order of commitment was affirmed following Wilson's appeal. *See generally In re Commitment of Wilson*, No. 09-08-00043-CV, 2009 WL 2616921, at \*\*1-10 (Tex. App.—Beaumont Aug. 27, 2009, no pet.). Additionally, the State's response to Wilson's petition for mandamus includes the biennial review orders that the trial court rendered in following statutorily required reviews of Wilson's commitment. The biennial review orders reflect that Wilson's sex-offender treatment has not

changed his behavioral abnormality to the extent that he is no longer likely to reoffend. Additionally, one of the trial court's biennial review orders reflects that Wilson was convicted of a crime in February 2011, that he was projected to be released from prison for the crime that resulted in his imprisonment in December 2015, and that the conditions in the civil commitment order relating to Wilson's commitment that began in 2007 were suspended while Wilson was in prison. *See generally* Tex. Health & Safety Code Ann. § 841.150(a) (West Supp. 2015). The State's response also indicates that the trial court amended Wilson's commitment order in 2013, changing the entity that the court had placed in charge of supervising Wilson from the Council on Sex Offender Treatment to OVSOM. Thus, on other occasions, the record shows that the trial court has amended the original commitment order following Wilson's 2007 trial, the order that resulted in Wilson's initial commitment as a sexually violent predator. In summary, the record in this proceeding reflects that the court has, in the past, exercised the continuing jurisdiction it possesses over Wilson's original commitment order, and has amended its order as necessary to supervise Wilson's continuing commitment.

In his petition for mandamus, Wilson complains about a hearing conducted in November 2015. The hearing that is the subject of Wilson's petition addresses changes the court made to its live commitment order to address amendments that the Legislature made to the SVP statute in 2015. *See* Act of May 21, 2015, 84th

Leg., R.S., ch. 845, 2015 Tex. Sess. Law Serv. 2700, 2700-712. In January 2016, based on the hearing conducted in November 2015, the trial court granted the State's request to place Wilson in a treatment program coordinated by TCCO. The court's January 2016 order indicates that Wilson was present for the November 2015 hearing, was allowed to present evidence, and that he was allowed to call and cross-examine witnesses. The 2016 amended order of civil commitment contains a number of requirements, including that TCCO provide Wilson "with appropriate sex offender treatment and necessary supervision" pursuant to section 841.0831 of the Texas Health and Safety Code, that on Wilson's release from prison, TCCO designate a location where Wilson is to be taken, and that Wilson, on being released from prison, "participate in and comply with TCCO sex offender treatment program[.]" *See generally* Tex. Health & Safety Code Ann. § 841.0831.

Wilson raises several arguments challenging the process that resulted in the trial court's rendition of the January 2016 amended order. Of these, we first address Wilson's complaint arguing that he was entitled to have counsel appointed for the November 2015 hearing.

According to Wilson, before the hearing occurred, he filed a motion requesting that the trial court appoint counsel to represent him during the November 2015 hearing. Wilson's motion seeking the appointment of counsel asserts a statutory right to counsel, which he based on sections 841.005(b) and

4

841.144 of the Texas Health and Safety Code. *See id.* § 841.005(b) (West 2010) ("If for any reason the Office of State Counsel for Offenders is unable to represent an indigent person described by Subsection (a) at a civil commitment proceeding under this chapter, the court shall appoint other counsel to represent the indigent person."); *see also id.* § 841.144(a) (West 2010) ("Immediately after the filing of a petition under Section 841.041, a person subject to a civil commitment proceeding under this chapter is entitled to the assistance of counsel at all stages of the proceeding."). According to Wilson, during the hearing, the trial court orally denied his motion seeking counsel, as the trial court viewed the November 2015 hearing as a civil, not a criminal, matter.

In his petition, Wilson argues that the State's motion to replace OVSOM with TCCO initiated a formal adversarial judicial proceeding. Wilson suggests that section 841.144 of the Health and Safety Code provides a statutory right that required the trial court to appoint counsel. Additionally, in his petition, Wilson argues that the trial court's failure to appoint counsel for the hearing violated his rights to due process and equal protection.[1]

---

[1] Wilson's equal protection argument notes that indigent individuals who are subjected to court-ordered mental health services under Chapter 574 of the Health and Safety Code have a right to court-appointed counsel. *See* Tex. Health & Safety Code Ann. § 574.003 (West 2010).

Wilson's civil commitment case is governed by Chapter 841 of the Health and Safety Code. Under Chapter 841, the Office of State Counsel for Offenders represents an individual who is indigent and who is the subject of a civil commitment proceeding. *See generally* Tex. Health & Safety Code Ann. § 841.005(a) (West 2010). However, the statutory right to counsel provided by the Health and Safety Code does not apply to all of the hearings that may be required in civil commitment cases, as the term "civil commitment proceeding" is defined more narrowly in Chapter 841 to mean "a trial or hearing conducted under Subchapter D, F, or G." *Id.* § 841.002(3-a) (West Supp. 2015). Importantly, the November 2015 hearing, which resulted in the court rendering the January 2016 amended order, was not a proceeding conducted pursuant to Subchapter D, F, or G. *Id*. Instead, that proceeding was conducted pursuant to Subchapter E of the Health and Safety Code. *Id.* §§ 841.083, 841.0831, 841.0845 (West Supp. 2015). Consequently, as the November 2015 hearing concerned a Subchapter E proceeding, section 841.005 of the Health and Safety Code did not give Wilson a statutory right to appointed counsel. *See id*. § 841.005; *and see Wilson*, 2009 WL 2616921, at *1.

Nevertheless, the trial court had continuing jurisdiction over its prior orders to conduct hearings and amend its orders. Chapter 841 authorizes the court to modify its prior commitment orders at any time after it provided notice "to each

affected party to the proceedings and a hearing." *See id.* § 841.082(e) (West Supp. 2015). Additionally, the trial court's 2007 judgment anticipated that Wilson would require sex-offender treatment over an indefinite period of time, as the judgment indicates that Wilson would be subject to the commitment order until his behavioral abnormality changed to the extent that he is no longer likely to engage in a predatory act of sexual violence. *See* Tex. Health & Safety Code Ann. § 841.081(a) (West Supp. 2015). And, the original commitment order resulted in Wilson's losing his liberty interest in residing wherever he desired, as it required that Wilson reside in supervised housing at a Texas residential facility and to participate in the State's sex offender treatment program. *See id.* § 841.082(a) (West Supp. 2015).

On this record, it appears that Wilson had the benefit of court-appointed counsel throughout the Subchapter D commitment proceedings that resulted in his loss of the right to decide where he wanted to reside. *See* Tex. Health & Safety Code Ann. § 841.041 (West Supp. 2015); § 841.144. We conclude that Wilson had no statutory right to counsel for the hearing that was conducted in November 2015, as that hearing was conducted under Subchapter E to change the agency in charge of his treatment, and it was not a hearing conducted under Subchapters D, F, or G. Given the purpose for the changes to the order, we further conclude that Wilson

7

was not entitled to counsel based on the constitutional arguments he presents in his petition. *See Gagnon v. Scarpelli*, 411 U.S. 778, 786-790 (1973).

Second, Wilson contends that he is entitled to mandamus relief because the January 2016 amended order applied changes to the SVP statute retroactively to his case, violating the prohibitions on ex post facto and retroactive laws that are in the constitution. According to Wilson, through its January 2016 amended order, the trial court unlawfully interfered with his rights under the original commitment order to receive outpatient treatment and to be supervised by OVSOM.[2]

The trial court had the authority to modify its prior orders as they related to Wilson's commitment. *See id.* § 841.082(e). Therefore, Wilson had no vested rights under the trial court's previous orders. Additionally, the judgment allowed the agency in charge of Wilson's treatment (not Wilson) to decide both where Wilson would be required to live and to supervise the program of sex offender treatment that the commitment order required that he receive. Wilson also has a statutory remedy regarding his complaint that the housing that TCCO has placed him in is too restrictive given his condition, as the SVP statute allows Wilson to petition the court to obtain less restrictive housing if decreasing his restrictions

---

[2] Wilson argues he has been subjected to increased supervision by the TCCO, but his argument lacks merit because the trial court had continuing jurisdiction over his case to amend the original order of commitment. *See* Tex. Health & Safety Code Ann. § 841.082(a), (e) (West Supp. 2015).

8

would be in Wilson's best interest, and if adequate protection for the community can be imposed. *See id.* § 841.0834 (a)-(b) (West Supp. 2015). Nonetheless, Wilson's arguments in this proceeding concern whether the trial court was without authority to amend its orders by requiring him to live in housing supervised by TCCO, not whether TCCO should have moved him so that he could be housed at another location.

We further conclude that the changes to the SVP statute were applied in Wilson's case without violating any of his constitutional rights. Previously, in cases involving other individuals who were committed as sexually violent predators, we have rejected similar arguments to the argument Wilson advances in his petition. *See generally In re Commitment of May*, No. 09-15-00513-CV, 2016 WL 4040186, at **1-9 (Tex. App.–Beaumont July 28, 2016, no pet. h.). In considering May's claims, we held that the 2015 amendments to Chapter 841 of the Texas Health and Safety Code did not render May's amended civil commitment order unconstitutionally punitive. *Id*. at **4-8. Additionally, in *May*, we rejected May's claim that the amendments to the SVP statute could not be applied to a person committed before the date the amendments to the SVP statute went into effect. *Id*. For these same reasons, we conclude that by amending the commitment order so that the amended order complied with the changes the Legislature made to the SVP statute in 2015, the trial court did not violate Wilson's

9

constitutional rights. *See id*; *see also* Act of May 21, 2015, 84th Leg., R.S., ch. 845, 2015 Tex. Sess. Law Serv. 2700, 2700-712.

Third, Wilson contends that the trial court's order is void because the trial court "imposed" the conditions on him in January 2016 when he was not present. We conclude that the procedure the trial court followed in rendering an order following a hearing did not violate the requirements that are in the SVP statute. The enacting legislation that governs the hearing the trial court conducted in November 2015 allowed the court to modify the commitment order in an SVP case "after notice and hearing." *See* Act of May 21, 2015, 84th Leg., R.S., ch. 845, § 40(b), 2015 Tex. Sess. Law Serv. 2700, 2711. The SVP statute does not require that the individual who is the subject of the amended order to be present when the amended order is signed. *Id*. The January 2016 amended order indicates that Wilson was personally present for the November 2015 hearing, and the record before us shows that Wilson received notice that the order had been signed. We disagree that the SVP statute required the trial court to sign the amended commitment order while Wilson was present.

Fourth, Wilson argues that the restrictions imposed on him through the amended commitment order are more onerous than the restrictions placed on him while he was in prison. However, Wilson's petition fails to explain why the trial court did not have continuing jurisdiction to amend the commitment order

10

governing his commitment. And, we have already explained why Wilson had no vested rights regarding where he lived or the program of treatment he was to receive based on the trial court's prior orders, and explained why the amended order did not further restrict Wilson's rights as compared to the restrictions he was under based on the court's prior orders.

We conclude Wilson's petition fails to demonstrate that he is entitled to the relief he has requested. Wilson's petition for writ of mandamus is denied.

PETITION DENIED.

PER CURIAM

Submitted on July 15, 2016
Opinion Delivered September 22, 2016

Before Kreger, Horton, and Johnson, JJ.

11